# UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

N.E VERNICOS – ARGONAFTIS
SALVAGE AND TOWAGE
CONSORTIUM; ARGONAFTIS NAFTIKI
ETAIRIA and FAVOR NAVIGATION CO.
LIMITED.
              Plaintiffs

              v.

OCEAN TANKERS PUBLIC HOLDINGS
COMPANY LIMITED, ADMIBROS
SHIPMANAGEMENT CO. LIMITED, et al.
              Defendants

XIFIAS NAVIGATION LIMITED
              Plaintiff,

              v.

OCEAN TANKERS PUBLIC HOLDINGS
COMPANY LIMITED, ADMIBROS
SHIPMANAGEMENT CO. LIMITED, et al.
              Defendants

THE ROYAL BANK OF SCOTLAND, N.V
              Intervenor-Plaintiff,

              v.

M/T STAVRODROMI, her engines, tackle,
appurtenances, etc., *in rem*, and
EASTLAKE MARINE, LTD., *in personam*,
              Defendants

(ADMIRALTY)
Consolidated as
1:10-cv-00441 (ML) (LDA)

## VERIFIED COMPLAINT IN INTERVENTION

Intervening Plaintiff, THE ROYAL BANK OF SCOTLAND, N.V.[1] ("Intervenor-Plaintiff" or "RBS"), through undersigned counsel, as and for its Verified Complaint in Intervention against M/T STAVRODROMI, her engines, tackle, apparel, etc., *in rem* (the "Vessel") and WALL SHIPMANAGEMENT S.A. ("Wall Shipmanagement"), *in personam* and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully allege and plead:

## JURISDICTION

1.      This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. §1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This is an action to enforce a maritime lien *in rem* against M/T STAVRODROMI, an ocean-going vessel, to arrest the property of Wall Shipmanagement pursuant to a First Priority Ship Mortgage and Guarantee, and for judgment against Wall Shipmanagement under the a Guarantee in favor of Intervening Plaintiff.  M/T STAVRODROMI is currently under attachment within this District.

2.      This claim is brought pursuant to and in accordance with the provisions of The Ship Mortgage Act, as amended, 46 U.S.C. § 31301, et seq., and under Supplemental Rule C of the Federal Rules of Civil Procedure, and pursuant to Federal Rule of Civil Procedure 24(a)(1) and (2).

## IDENTITY OF PARTIES

3.      At all material times, Intervenor-Plaintiff RBS is and was a banking corporation organized under the laws of the Netherlands, with an office at 250 Bishopsgate, London, England.

---

[1] Intervening Plaintiff was formerly known as "ABN AMRO BANK N.V.".

19124659 v1

4.      At all material times, Defendant Wall Shipmanagement is and was a Marshall Islands company with a registered office at Trust Company Complex, Ajeltake Island, Majuro, Marshall Islands MH96960.

5.      M/T STAVRODROMI is a Maltese flagged tanker vessel of approximately 138.45 Meters in length, Official Number 9896. At all relevant times, M/T STAVRODROMI has been engaged in international commerce and owned by Wall Shipmanagement.

## BACKGROUND

6.      By a Loan Agreement originally dated October 16, 2007, as amended and restated pursuant to a Seventh Supplemental Agreement dated July 7, 2010 (the "Loan Agreement") between Plaintiff RBS, Defendant Ocean Tankers Holdings Public Company Limited ("Ocean Tankers")[2], Defendant Wall Shipmanagement, certain other subsidiaries of Ocean Tankers opened a loan facility of (originally) $284,000,000 with a group of banks and financial institutions (the "Lenders"). Intervenor-Plaintiff RBS functioned at all relevant times as arranger, agent, swap bank, security agent and account bank, handling the details of the transaction memorialized in the Loan Agreement on behalf of the Lenders (RBS is also a Lender).[3] The various financing parties are defined in the Loan Agreement as the "Creditors". Pursuant to the Loan Agreement, the Lenders made advances to Ocean Tankers in an aggregate

---

[2]     The Loan Agreement provides that Ocean Tankers is the sole owner of a number of special purpose companies, including Defendant Wall Shipmanagement each owning a separate vessel. The Loan Agreement provided Ocean Tankers with funds used to purchase these vessels. Each subsidiary provided Plaintiff RBS with a guarantee of the Loan Agreement and a Mortgage over the vessel purchased with the funds advanced under the Loan Agreement.

[3]     This type of arrangement is common with a syndicated loan facility, such as the one in the instant matter. The Security Agent typically acts as the representative of the lenders to the borrower and holds certain security in favor of the lenders to secure the loan. This structure permits the participation of a large number of banks, which in turn facilitates the raising of significant amounts of capital, such as the $284,000,000 loan asserted herein.

19124659 v1

amount of $269,147,237.27 outstanding at the date hereof (the "Loan"). Attached hereto as Intervenor-Plaintiff's Exhibit 1 is a true and correct copy of the Loan Agreement.

7.      In addition to the Loan Agreement, Intervenor-Plaintiff RBS and Defendant Ocean Tankers entered into an International Swap Dealers Association Master Swap Agreement dated as of October 16, 2007 (the "Swap Agreement"). The Swap Agreement allowed the parties to protect against certain currency fluctuations, with periodic payments (the "Swap Payments") due to RBS in its capacity as swap bank (the "Swap Bank"). Attached hereto as Exhibit 2 is a true and correct copy of the Swap Agreement.

8.      The Loan Agreement and Swap Agreement were secured, *inter alia*, by guarantees (each, a "Guarantee") in favor of RBS as security agent for the Lenders by the various wholly-owned Ocean Tankers subsidiaries, including a Guarantee by Wall Shipmanagement dated October 3, 2008 (the "Wall Shipmanagement Guarantee"). Attached hereto as Exhibit 3 is a true and correct copy of the Wall Shipmanagement Guarantee.

9.      Under the Wall Shipmanagement Guarantee, Wall Shipmanagement unconditionally guaranteed to RBS as Security Agent Ocean Tankers' obligations and liabilities to the Lenders and the Swap Bank. Exhibit 3, clause 2.

10.     As further security for the Loan Agreement and the Swap Agreement and pursuant to, and as security for, the Wall Shipmanagement Guarantee, Wall Shipmanagement executed a Deed of Covenant and Mortgage dated October 3, 3008 (the "Wall Shipmanagement Deed") in favor of RBS. Attached hereto as Exhibit 4 is a true and correct copy of the Wall Shipmanagement Deed.

11.     The Wall Shipmanagement Deed requires Wall Shipmanagement to, *inter alia*, provide a mortgage to RBS as security agent for the Lenders. Exhibit 4, clause 3.

19124659 v1

12.     Defendant Wall Shipmanagement granted Intervenor-Plaintiff RBS a First Priority Maltese Ship Mortgage dated October 3, 2008 and amended July 16, 2010 (the "First Priority Ship Mortgage").  Attached hereto as Exhibit 5 is a true and correct copy of the First Priority Ship Mortgage.

13.     The First Priority Ship Mortgage was filed for record with the Registrar of Ships in Valletta, Malta on October 3, 2008 at 1225 hours, local time, and the amendment was filed for record on July 16, 2010 at 1141 hours, local time.  Plaintiff's Exhibit 5.

THE EVENTS OF DEFAULT

14.     Ocean Tankers has defaulted in the payment of interest instalments falling due under the Loan Agreement from and including October 29, 2010 and in an aggregate amount as at the date hereof of $4,177,071.46.  The failure to make these payments is an event of default under clause 10.1.1 of the Loan Agreement.

15.     Certain non-payment events of default have occurred under Loan Agreement, namely:

> (a) under clause 10.1.37(a) of the Loan Agreement ("an award in the Water Arbitration is not made on or before 30 September 2010…").  An award in the said Water Arbitration (as defined in the Loan Agreement) was made on February 22, 2011;

> (b) under clause 10.1.35 of the Loan Agreement by reason of each Litasco Charterparty (as defined in the Loan Agreement) having been terminated, varied or amended without alternative employment or security being secured or furnished as required by that clause.  Such events in respect of the Litasco Charterparties took place in July and August 2010.

16.     Furthermore, Ocean Tankers has failed to make certain Swap Payments due under the Swap Agreement, specifically missing a payment of $3,282,076.35 due October 29, 2010. The failure to make this payment was a further event of default under clause 10.1.1 of the Loan Agreement and also an event of default under clause 10.1.34 of the Loan Agreement.

17.     Ocean Tankers has also failed to make a second payment due under the Swap Agreement, missing a payment of $3,407,191.92 due January 31, 2011.  The failure to make this payment was another event of default under clause 10.1.1 of the Loan Agreement and also an event of default under clause 10.1.34 of the Loan Agreement.

18.     Ocean Tankers also missed certain other payments, namely an agency fee payment of $120,000 and a restructuring fee of $350,000, both due October 31, 2010.   The failure to make these payments constituted further events of default under clause 10.1.1 of the Loan Agreement.

19.     As well as the preceding defaults under the Loan Agreement, for which Wall Shipmanagement is liable under the Wall Shipmanagement Guarantee, Wall Shipmanagement has also allowed one of its assets, M/T STAVRODROMI, to remain attached for over 20 days, a violation of clauses 6.1(f) and clause 8.1(f) of the Wall Shipmanagement Deed (together with the defaults described in preceding paragraphs 14 through 18, the "Events of Default").

20.     The Events of Default under the Loan Agreement and the Wall Shipmanagement Deed triggered the obligations of Wall Shipmanagement under the Wall Shipmanagement Guarantee.  RBS is accordingly entitled to foreclose on its security under the First Priority Ship Mortgage.

21.     Currently, Ocean Tankers and Wall Shipmanagement are liable to Intervenor-Plaintiff RBS in the total amount of $11,336,339.73 (being the aggregate of the defaulted

19124659 v1

payments specified in preceding paragraphs 14, 16, 17 and 18 and which amount does not include default interest accrued and continuing to accrue on such amounts). Such total amount is secured by the First Priority Ship Mortgage, together with all further amounts which will become due and payable in the future upon acceleration of the obligations of Ocean Tankers under the Loan Agreement and/or termination of the Swap Agreement.

22. By letter dated November 5, 2010, Intervenor-Plaintiff RBS notified Defendants Ocean Tankers and Wall Shipmanagement of the defaults which had then occurred under the Loan Agreement and reserved the rights of the Creditors to take further action at any time (the "November 5, 2010 Default Notice"). Attached hereto as Exhibit 6 is a true and correct copy of the November 5, 2010 Default Notice. Since the November 5, 2010 Default Notice certain further notices have been served on the Defendants Ocean Tankers and Wall Shipmanagement notifying of further defaults and reserving rights.

## THE CURRENT PROCEEDINGS

23. On October 28, 2010, Plaintiff N.E VERNICOS – AGRONAFTIS SALVAGE AND TOWAGE CONSORTIUM ("N.E. Vernicos") filed a Verified Complaint naming Ocean Tankers and Wall Shipmanagement, *et al.,* as defendants and seeking to attach M/T STAVRODROMI. N.E. Vernicos sought the attachment to secure a claim for tug boat services rendered to Defendant ADMIBROS SHIPMANAGEMENT CO. LIMITED ("Admibros"), alleging an alter-ego relationship between, *inter alia*, Admibros, Ocean Tankers, and Wall Shipmanagement.

24. M/T STAVRODROMI was attached pursuant to an Order of Maritime Attachment and Garnishment on or about October 29, 2010. The Vessel remains under attachment, and two other alleged creditors have appeared and attached the Vessel.

19124659 v1

25.    By Motion dated November 3, 2010, FAVOR NAVIGATION CO. LTD. ("Favor Navigation") sought leave to intervene, also alleging a breach of contract claim against Ocean Tankers as an alleged alter-ego of Wall Shipmanagement.

26.    Also on November 3, 2010, XIFIAS NAVIGATION LIMITED ("Xifias" and together with the other attaching Plaintiffs, the "Attaching Plaintiffs") filed a Verified Complaint against Ocean Tankers, Wall Shipmanagement, and STAVRODROMI MARITIME COMPANY LIMITED ("Stavrodromi Maritime") (The Xifias action was consolidated under the current docket number).  Xifias also alleged that Wall Shipmanagement and/or Stavrodromi Maritime were liable for a breach of charter allegedly committed by Ocean Tankers and sought to attach M/T STAVRODROMI.

27.    Favor Navigation's Motion to Intervene was granted November 4, 2010.  Both Favor and Xifias obtained separate Orders of Maritime Attachment and Garnishment and proceeded to attach the vessel.

28.    All of the Attaching Plaintiffs sought to attach M/T STAVRODROMI with full knowledge of the fact that she was encumbered by a fleet mortgage securing amounts materially in excess of $250,000,000.  In fact, the Verified Complaint filed by N.E. Vernicos, which commenced these proceedings, specifically mentions this encumbrance at paragraph 14.

29.    All of the Attaching Plaintiffs are asserting *in personam* claims related to alleged breaches of contracts that do not involve M/T STAVRODROMI.

30.    None of the Attaching Plaintiffs allege an *in rem* cause of action or assert a maritime lien over M/T STAVRODROMI.

31.    Accordingly, pursuant to the Ship Mortgage Act, Intervenor-Plaintiff RBS is entitled to absolute priority over all of the claims of the Attaching Plaintiffs.

19124659 v1

32.     Although RBS has a priority claim that displaces all other Plaintiffs, RBS and the Lenders have thus far withheld refrained from filing suit in the hope that an unrelated proceeding would resolve this dispute.  RBS, even as the only party that will recover all of the proceeds of sale should the Court auction M/T STAVRODROMI, will still not recover the full value of its loan for this vessel due to a currently depressed market for this type of vessel and is not eager for an unnecessary sale.

33.     Unfortunately, with the pending Motion for Sale of the Vessel, RBS now has no choice but to intervene in this matter and to salvage whatever value it can from a forced distressed sale of the Vessel.

34.     All other conditions precedent to the filing of this suit have been performed, excused or waived.

### FIRST CAUSE OF ACTION

Foreclosure of Maritime Lien *In Rem* over
M/T STAVRODROMI

35.     Intervenor-Plaintiff repeats and realleges as if fully set forth herein the allegations set forth in Paragraphs 1- 34 above.

36.     As a result of the above-described Events of Default and other defaults, Defendant Ocean Tankers has breached the terms and conditions of the Loan Agreement.

37.     Accordingly, Defendant Wall Shipmanagement is liable under the Wall Shipmanagement Guarantee.

38.     Intervenor-Plaintiff and Lenders have duly performed all of their obligations to Ocean Tankers and Wall Shipmanagement under the terms of the Loan Agreement.

39.     Intervenor-Plaintiff has incurred and will incur other and further costs, including attorneys' fees, in exercising their rights under the Loan Agreement and Wall Shipmanagement

19124659 v1

Guarantee, which are recoverable in accordance with the terms of the Loan Agreement and the Wall Shipmanagement Guarantee. Said agreements, secured by a registered First Priority Ship Mortgage, give rise to a maritime lien on the Vessel.

40.     Intervenor-Plaintiff is entitled to judgment *in rem* against M/T STAVRODROMI, and the immediate arrest thereof under Supplemental Rule C of the Federal Rules of Civil Procedure, to satisfy the above-described maritime lien.

41.     Intervenor-Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all his deputies from any liability as a result of seizing the aforesaid property.

## SECOND CAUSE OF ACTION

### Liability of Wall Shipmanagement Under its Guarantee for Ocean Tankers' Breach of the Loan Agreement

42.     Intervenor-Plaintiff repeats and re-alleges as if fully set forth herein the allegations set forth in Paragraphs 1- 41 above.

43.     As a result of the above-described Events of Default and other defaults under the Loan Agreement, Defendant Wall Shipmanagement is liable to Intervenor-Plaintiff under the Wall Shipmanagement Guarantee.

44.     By the terms and conditions of the Loan Agreement and Wall Shipmanagement Guarantee, and as a result of Ocean Tankers' breach of same, Defendant Wall Shipmanagement is justly indebted to Intervenor-Plaintiff and Lenders in the sum of $11,336,339.73 secured by the First Priority Ship Mortgage plus principal and unpaid balance of money loaned, granted, bargained, sold, and mortgaged unto Ocean Tankers and Wall Shipmanagement, their successors, administrators, and assigns, on the whole of M/T STAVRODROMI, with interest currently accruing.

19124659 v1

45.     By the terms and conditions of the Loan Agreement and Wall Shipmanagement Guarantee, and as a result of Ocean Tankers' and Wall Shipmanagement's breach of same, Wall Shipmanagement is justly indebted to Intervenor-Plaintiff for sums Intervenor-Plaintiff has incurred and will incur as expenses of collection, including attorneys' fees and costs, in exercising its rights under the Loan Agreement and Wall Shipmanagement Guarantee.

46.     Intervenor-Plaintiff is entitled to judgment *in personam* against Defendant Wall Shipmanagement under its Guarantee for Ocean Tankers' breach of the Loan Agreement in an amount in excess of $11,336,339.73 together with interest, costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Breach of First Preferred Ship Mortgage

47.     Intervenor-Plaintiff repeats and realleges as if fully set forth herein the allegations set forth in Paragraphs 1- 46 above.

48.     As a result of the above-described Events of Default and other defaults under the Loan Agreement, Defendant Wall Shipmanagement has breached the terms of the First Priority Ship Mortgage.

49.     By the terms and conditions of the Loan Agreement and Wall Shipmanagement Guarantee, Wall Shipmanagement is justly indebted to Intervenor-Plaintiff and Lenders for the sum of $11,336,339.73 for the principal and unpaid balance of money loaned, bargained, sold and mortgaged unto Ocean Tankers and Guaranteed and secured by Wall Shipmanagement and the First Priority Ship Mortgage, with interest currently continuing to accrue and with further amounts which will become due and payable in the future upon acceleration of the obligations of Ocean Tankers under the Loan Agreement and/or termination of the Swap Agreement.

19124659 v1

50.     Intervenor-Plaintiff is entitled to judgment *in personam* against Defendant Wall Shipmanagement in an amount in excess of $11,336,339.73 together with interest, costs and attorneys' fees.

**WHEREFORE, PREMISES CONSIDERED,** Intervenor-Plaintiff respectfully requests:

A.   That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of Admiralty and Maritime Jurisdiction within the meaning of the Constitution of the United States and Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel M/T STAVRODROMI and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, her engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorneys' fees, and to pay other amounts required to be paid by the mortgagor to Intervenor-Plaintiff under the Loan Agreement, together with interest, costs and attorneys' fees, and that Intervenor-Plaintiff may have such other and further relief as in law and justice it may be entitled to receive; and

B.   That the Loan Agreement executed by Ocean Tankers and Wall Shipmanagement, and the Wall Shipmanagement Guarantee, and the First Preferred Ship Mortgage may be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever; and

19124659 v1

C.  That it may be decreed that any and all persons, firms and corporations claiming any interest in the Vessel are forever barred and foreclosed from all rights or equities for redemption or claim of, in or to the mortgaged Vessel, her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto and every party thereof; and

D.  That this Honorable Court shall direct the manner in which actual notice of the commencement of this suit shall be given by the Intervenor-Plaintiff to Defendant Wall Shipmanagement or the individual in charge of the Vessel and to any person, firm or corporation who has recorded a Notice of Claim of any discharged lien upon the Vessel as provided under the Ship Mortgage Act, 46 U.S.C. 31301, et seq. as amended; and

E.  That judgment be issued against the Vessel, M/T STAVRODROMI *in rem* in an amount in excess of the full amount due under the Loan Agreement and the First Priority Ship Mortgage at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by Defendant Wall Shipmanagement to Intervenor-Plaintiff under the Loan Agreement and Wall Shipmanagement Guarantee with interest and costs, and that the Vessel be arrested under Supplemental Rule C of the Federal Rules of Civil Procedure to secure such claim, and further, that Intervenor-Plaintiff reserves the right to proceed against Defendants Ocean Tankers, Wall Shipmanagement, and any other party whether named in this lawsuit or not, for any deficiency that may remain due after applying the available proceeds of the sale of the mortgaged Vessel to the judgment herein and that Intervenor-Plaintiff have such other and further relief as in law and justice it may be entitled to recover; and

F.  That judgment be issued against Defendant M/T STAVRODROMI, and Defendant Wall Shipmanagement jointly and severally in the amount of $11,336,339.73, plus interest,

19124659 v1

together with interest, charges, costs and attorneys fees, and any and all other amounts required

to be paid under the Loan Agreement, Wall Shipmanagement Guarantee, and the First Priority

Ship Mortgage, together with such other further relief as in law and justice that Intervenor-

Plaintiff may be entitled to recover.


Dated:  March 3, 2011

                              RESPECTFULLY SUBMITTED,



                     BY:    /s/Stephen P. Sheehan
                              Stephen P. Sheehan (RI Bar # 4030)
                              Wistow & Barylick Inc.
                              61 Weybosset Street
                              Providence RI 02903
                              Phone: (401)831-2700
                              Fax: (401)272-9184
                              Email: spsheehan@wistbar.com



**OF COUNSEL:**

Alfred E. Yudes, Jr.
Neil A. Quartaro
Watson, Farley & Williams (New York) LLP
1133 Avenue of the Americas, 11th Floor
New York, N.Y. 10036
Phone (212) 922-2200
Fax (212) 922-1512
ayudes@wfw.com
nquartaro@wfw.com

19124659 v1

## VERIFICATION

1.  My name is _HATHIAS  KOCHER_ . I am over the age of 21 and am competent to testify to the matters attested to herein.

2.  I am employed as the _VICE - PRESIDENT_ of Intervenor-Plaintiff RBS.

3.  I have read the foregoing Verified Complaint in Intervention.  Based upon my personal knowledge and upon documents and correspondence kept in the ordinary course of business, I verify that the contents of the foregoing Verified Complaint in Intervention are true and correct to the best of my knowledge, information, and belief.

4.  I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _3_ day of March, 2011
At _London_____ (place)

[SIGNATURE]

15

19124659 v1

## CERTIFICATE OF SERVICE

This hereby certifies that on this 3rd day of March, 2011 a copy of the foregoing document was electronically filed and is available for viewing and downloading from the ECF system.

Plaintiffs N.E. Vernicos - Argonaftis Salvage and Towage Consortium AND Argonaftis Naftiki Etairia AND Intervenor-Plaintiff Favour Navigation Co., Ltd.:

**George M. Chalos**
Chalos & Co., PC
123 South Street
Oyster Bay, NY 11771
516-714-7300
Fax: 516-750-9051
Email: gmc@chaloslaw.com


**George A. Gaitas**
Chalos & Co., PC
675 Bering Drive
Suite 275
Houston, TX 77057
713-936-2427
Email: gaitas@chaloslaw.com

**Howard A. Merten**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
861-8200
Fax: 861-8210
Email: hm@psh.com

**Samuel P. Blatchley**
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
401-861-8200
Fax: 401-861-8210
Email: spb@psh.com

Intervenor Plaintiff Global Companies LLC:
**Carol E. Head**
Bingham McCutchen, LLP
One Federal Street
Boston, MA 02110

19124659 v1

617-951-8049
Fax: 617-951-8736
Email: carol.head@bingham.com

Consolidated Plaintiffs Xifias Navigation Limited:

**Seth S. Holbrook**
Holbrook & Murphy
238 Lewis Wharf
Boston, MA 02110
617-428-1151
Fax: 617-428-6919
Email: holbrook_murphy@msn.com

**Gina M. Venezia**
Frehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005-1759
212-425-1900
Fax: 212-425-1901
Email: venezia@freehill.com

**Peter J. Gutowski**
Freehill, Hogan & Mahar LLP
80 Pine Street
New York, NY 10005-1759
212-425-1900

**Robert J. Murphy**
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
617-428-1151
Fax: 617-428-6919
Email: holbrook_murphy@msn.com

Defendants Ocean Tankers Holdings Public Company Limited, Admibros Shipmanagement Co.
Limited, Navkios Maritime Co. Ltd., Eleoussa Maritime Company Limited, Limi Maritime
Company Limited, Kalia Maritime Company Limited, Lisa Maritime Company Limited, Marim
Maritime Company Limited, Berengaria Maritime Company Limited, Prodromi Maritime
Company Limited, Green Forest Maritime Company Limited, Frachtis Maritime Company
Limited, Anefani Maritime Company Limited, Hartzi Maritime Company Limited, Skledros
Maritime Company Limited, Stavrodromi Maritime Company Limited, Vasi Maritime Company
Limited, Gemi Maritime Company Limited, AND Wall Shipmanagement S.A.:

19124659 v1

**Robert E. Collins**
Clinton & Muzyka, P.C.
88 Black Falcon Ave.
Suite 200
Boston, MA 02210
617-723-9165
Fax: 617-720-3489
Email: rcollins@clinmuzyka.com

**Thomas H. Belknap , Jr.**
Blank Rome, LLP
405 Lexington Avenue
New York, NY 10174
212-885-5270

_s/Stephen P. Sheehan_____

19124659 v1